**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERNEL CHARLES,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY IMMIGRATION DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-08810-JLT-EGC<br><br>A-Number: 243-065-461<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Vernel Charles is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Haiti. He entered the United States in September 2022 on Haitian Humanitarian Parole. (Doc. 8 at 15.) On March 23, 2023, Petitioner was granted Temporary Protected Status, which was terminated on August 7, 2026. (*Id.*) Petitioner does not have any pending or approved applications for relief from removal. (*Id.*) Petitioner has the following criminal history: Arrest on January 1, 2023 for Felony Assault (disposition: pending); arrested

for multiple misdemeanor traffic violations on June 4, 2024 (disposition: convicted); arrested for traffic offense on October 2, 2024 (disposition: pending). (*Id*. at 15-16.) On September 2, 2026, Petitioner was arrested for failing to appear in reference to a "driving while license suspended or revoked with knowledge" charge. (*Id*.) Petitioner was then transferred to DHS custody and issued a Notice to Appear charging him pursuant to § 212(a)(7)(A)(i)(I). (*Id*. at 5-8.) Petitioner is currently detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On October 26, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 12-13.) On November 4, 2026, Respondents filed a response to the first amended habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 8 at 1-2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondents assert that unlike the category of detainees apprehended in the interior of the United States, Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b) because he is a "quintessential 'arriving alien' and 'applicant for admission' as he was paroled into the United States." (Doc. 8 at 1-2.) The Court disagrees, and finds that Petitioner is not subject to mandatory detention on this basis. First, federal courts have generally determined that an individual who has lived freely in the United States under humanitarian parole is not an "arriving alien" but rather is " 'present' in the United States and does have full due process rights." *Baptiste v. Bondi*, No. CV

26-02586 PHX SPL (CDB), 2026 WL 1684433, at *5 (D. Ariz. May 21, 2026) (collecting cases), *report and recommendation adopted*, No. CV-26-02586-PHX-SPL, 2026 WL 1682149 (D. Ariz. June 10, 2026). Relatedly, because Petitioner was previously released into the United States on parole, Petitioner possesses a protected interest in remaining at liberty while his removal proceedings are pending, "entitling him to certain due process protections, the extent of which are determined by applying the test provided in M*athews v. Eldridge*, 424 U.S. 319, 335 (1976)." *Thelusma v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01443-JLT-EPG-HC, 2026 WL 1162804, at *3 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, 2026 WL 2333529 (E.D. Cal. Aug. 12, 2026). This is because being released into the United States on humanitarian parole necessarily required a finding that Petitioner was not a danger to the community or a flight risk. 8 C.F.R. § 212.5(b). As such, Respondent's prior release of Petitioner creates a liberty interest under the Due Process Clause, although his recent criminal history justified providing Petitioner with a prompt post-deprivation hearing. *See J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately

release Petitioner from their custody.

3. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **<u>At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.</u>**

5. The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: November 13, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE